New England Tire & Sales Co., Inc., Plaintiff, *v.* Kelly-Spring-field Tire Company, Defendant.

Supreme Court, Kings Special Term, November 19, 1924.

**Malicious prosecution — corporation may maintain action — complaint sufficient.**

A corporation may maintain an action for malicious prosecution.

A complaint in such an action which alleges, among other things, that the credit and business of the corporation have been irreparably damaged, and in addition, that it expended money for counsel fees for its defense, is sufficient.

Motion for judgment on the pleadings.

*Israel I. Davidson,* for the plaintiff.

*Moses & Singer (Sam L. Cohen,* of counsel), for the defendant.

Lewis, J. This is a motion for judgment on the pleadings. The plaintiff corporation seeks to recover damages for malicious prosecution. It is claimed that a corporation cannot maintain an action for malicious prosecution. The Constitution of the state, article 8, section 3, provides: "And all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." It is now the settled law of this state that a corporation may maintain an action for damages arising out of the publication of a libelous article. In *Norske Ameriekalinje* v. *Sun P. & P. Assn.,* 226 N. Y. 1, 6, the court said: " Its ' right to be protected against false and malicious statements, affecting its credit, or property, should be beyond question.' " There does not seem to be any difference in principle between an action for libel and one for malicious prosecution, if, as a result of the malicious prosecution, the business, credit or property of the corporation has been damaged. An examination of the authorities has disclosed only two cases in other jurisdictions in which actions of a similar nature have been upheld. *St. Johnsbury & Lake Champlain R. R. Co.* v. *Hunt,* 55 Vt. 570; 45 Am. Rep. 639, and *Bucki & Son Lumber Co.* v. *Atlantic Lumber Co.,* 121 Fed. Rep. 233. The complaint is also attacked for insufficiency. While some of the allegations with

Misc. 955] Surrogate's Court, Chautauqua County, November, 1924.

respect to damage cannot be affected by the prosecution, and, therefore, are not the subject of damage, it is alleged that the credit and business of the corporation have been irreparably damaged, and, in addition, that it expended money for counsel fees for its defense. Motion denied.